Good morning, may it please the Court. My name is Nicole Moen. I am from Frederickson and Byron. I am here on behalf of Defendant Appellant Alliance Pipeline. The key issue in this case is whether arbitration agreements will be enforced. As the Court may recall, there are 1,798 easements in this case that contain mandatory individual arbitration provisions. This Court previously held that the arbitration easements were binding and enforceable. In its order, this Court held that the individuals who are subject to those arbitration easements must be dismissed from the class and that their claims should be dismissed without prejudice. The District Court did so. However, in response to a motion for reconsideration filed by plaintiffs, the District Court issued an order that reinstated individuals subject to these arbitration easements to the class. That order had the effect of not only not complying with this Court's prior order, but also had the effect of failing to enforce the arbitration easements. So, therefore, Alliance filed an appeal. What is the basis of jurisdiction for this appeal? The Federal Arbitration Act. Well, but specifically, what is the language in the Federal Arbitration Act that gives us jurisdiction? The Federal Arbitration Act provides for a right to interlocutory appeal if a district court fails to enforce an arbitration agreement. Well, it fails to enforce. Is that the statutory language in the FAA? That is not the statutory language. That's what I'm trying to get at. What is the language saying? Why does that apply here? There are two different mechanisms. There's one under Section 3 of the FAA and one under Section 4. Alliance captioned its original motion to compel, in this case, as a motion to compel arbitration, which it filed promptly after the district court certified the class in this case, and the class contained the individual's subject-to-arbitration easements. I mean, the order you're appealing from here, though, what was that captioned as? I think it was just called order. On a motion to do what? Was it a motion for reconsideration? I mean, the argument on the other side, as I recall, it's late in the week and I've heard a lot of these briefs here, was there's no jurisdiction under the FAA, because I think this was a motion for reconsideration that was granted. The plaintiffs captioned their motion as a motion for reconsideration. But if you look at the motion, what it's asking for and what the district court did, in fact, do is that it reinstated individuals who are not named in the case, unnamed individuals who are subject to arbitration easements to the class. And when it did that, that had the effect of denying the motion to compel arbitration. Had the effect of. So it wasn't an actual order denying a motion to compel arbitration. It had the effect of. We would say it is an order that actually denied the motion to compel arbitration. And that would be the only basis then on the FAA for jurisdiction here, right? If it is a motion or in order denying the motion to compel arbitration. I mean, there's no other. You mentioned earlier there were two bases in the FAA for jurisdiction.  I mean, this comes down to one, doesn't it? This particular case. This appeal, excuse me. The appeal is brought under the Federal Arbitration Act. And the original motion to compel was filed as a motion to compel rather than as a petition. However, the original, you know, motion papers reference both Section 3 and Section 4. The reason for that, I think, is given that this is a class action and given that the individuals who are subject to the arbitration easements were unnamed members of the class. So it is procedurally. Go ahead. I say procedurally unusual. So is the fact that they're unnamed, is that why the stay is ineffective in your opinion? Because, you know, here's what we have. You have the district court originally followed the mandate of this court. They then reconsidered, because in light of the Supreme Court's decision, they resurrected those class members, but stayed it so that you could go ahead with the arbitration. So I'm trying to figure out, why aren't we just in front of the arbitrator arbitrating those claims? You know, because it strikes me that it stayed as far as those class members are concerned, right? And so when you say that, well, we're now having to litigate, well, you're going to, you would have had to litigate the issues that involve the non-arbitration claims no matter what, right? Because they aren't going to be stayed. So nothing's really changed there except for this group of unnamed people. And why we didn't just go ahead and, you know, someone, somewhere has got a list of who these 1,978 people are, because you wouldn't have a number if you didn't know who they were. And so why aren't those guys just off arbitrating away? I think there's a few questions in there. As for why they're not arbitrating away, Alliance hasn't received a demand from arbitration from any of them. I couldn't, you're, you mumbled that one, I'm sorry. The reason why these 1,798 individual arbitration easements are not being arbitrated is that none of them have sent Alliance a demand. But they have said that they want to, that they contest and they ought to be paid for the crop loss, right? Because isn't that how they're identified in the lawsuit, is people who have suffered a loss because you haven't, you've failed to pay them for the damages incurred? Isn't that enough to get you into an arbitration? No, it's not. Because I don't know if any one of these, these are mandatory individual arbitrations. Alliance can't force one of these people into an arbitral forum if they don't actually want to pursue it. Well. If they don't think they have a claim, their own individual claim, we can't force someone to pursue their own individual claim if they don't think they have one. The point of the arbitration easements is that if someone who is subject to an arbitration easement wants to pursue a claim against Alliance, it just has to. But then this subclass is just, is just staying. It's just sitting there in the middle of nowheresville. It's not, if I may explain. So, first of all, there is no subclass. There's currently one class. And it includes both arbitration and non-arbitration. Second. Wait, wait. Our order, which nobody, our opinion, which nobody seems to, in this sense, has seemed to acknowledge, as we said, the district court will be required to dismiss from the class the arbitration members. Not dismiss from the suit, dismiss from the class. And then this whole thing is being treated like they're still in the class, and so we can divvy them up. If that's a clear violation of our order, if they were considered in this, on remand, as members of the class, the whole thing is a mess. I agree. And therefore, there was nothing to stop Alliance from, for lack of a better word, inducing the people with arbitration rights to go arbitrate. You're not in the class. Once this court- Your lawyers should have been told that. All of these people have easements. And so if they have claims, they can pursue them. And there's no sort of special rule here that says Alliance has to solicit arbitrations against it. Alliance brought a motion to enforce the arbitration agreements. So what are you asking us to do here? I mean, what's your requested relief? I am asking the court to reinstate its previous decision. I don't think Spazeri has any impact on it at all. The — this court got it right before. Which would essentially be separating out the arbitral claims from the class. Is that correct? Dismiss the individuals subject to arbitration easements from the class. That is what this court previously ordered. And forgive me, did you move the district court to do that? The way it came up procedurally is that the plaintiff brought a motion for reconsideration and asked the district court to put them back into the class. Let me back up. So this court issued the order saying dismiss from the class. The district court issued an order in accordance with that decision. Subsequently, the plaintiff brought a motion for reconsideration to put them back in. So you're — are you — just be — are you okay if they're back in the case but not the class? No. You want them out of the — you want them dismissed from the case? Well, I think, just to be clear here, none of these people are, again, named. Right. So they're only in the lawsuit through the class. Through the class members. Right. And so what Alliance is asking for is simply reaffirm this court's previous decision, dismiss individuals subject to arbitration easements from the class. Okay. With respect to the — Well, if they're dismissed from the class, how can they still be in the case? They would not be in the case. Well, but you're suggesting you want an order that would assume that they still are in the case. Oh, I'm sorry. That might have been unclear on my part. So what I — what I would like this court to do is simply reaffirm its previous decision, which stated that individuals subject to arbitration easements must be dismissed from the class and that they then — the district court would then have to also dismiss their claims without prejudice. That's what this court previously ordered. And the argument is there's nothing the Supreme Court said that prohibits us from doing that. Correct. Spizzeri presented a very, very different circumstances than the case here, and so nothing in Spizzeri impacts this court's prior analysis in this decision. What is the possibility that they would argue we can — we can validly argue we can still stay in the case with individual claims? I don't think there is one, respectfully, Your Honor. The only reason — Then the court would have to rule on the motion to compel under completely different circumstances, right? I'm sorry. I'm not — If they had not sought a class — the certification of a class that included the easement claimants, then the court would have had to move on, as to those individual claimants, would have had to move on the motion to compel, right? If there were named plaintiffs who were subject to the arbitration easements? Is that the question? Well, yes, and if they were absent class members, then they'd have to — they'd have to either assert — yes. I don't know if there are named plaintiffs that are in the easement class. There are — all of the named plaintiffs are not subject to arbitration easements. So everyone who is subject to an arbitration easement is only an absent, unnamed class member. And if they are out of the class, they are also out of the case. Okay. I — If the court doesn't have any further questions, I'd like to reserve some time for rebuttal. Thank you.  Good morning, and may it please the Court. The district court did not abuse its discretion in granting plaintiffs' motion for reconsideration. There was nothing clearly erroneous about the district court's factual findings or its legal conclusions. Because the order states — Except that they aren't in the class. Well, Your Honor, defendant has not moved for decertification and has never moved under Rule 12 or 56. We said they're not in the class. And respectfully, Your Honor, the mandate was erroneous under Spisari. This is a Spisari situation. I wasn't reading the mandate. I was reading my opinion. Well, the opinion is the mandate. So essentially, it says essentially, the district court will be required to dismiss from the class those members subject to arbitration agreements. As to the arbitration class members, the claims should be dismissed without prejudice. There's no authority under the FAA to decertify a class or to dismiss — I don't — we weren't exercising FAA authority. We were exercising Rule 26 appellate review authority. You were exercising authority on interlocutory review under the FAA. For petition for rehearing or take us up on cert? I did. It was denied, right? So — It was denied, right? Your Honor, what I wanted to do was to preserve the issue for appeal at the end of the case, which is fine. But as to the non-arbitration class members, there's no reason why those claims can't go forward. But there is a difference between having authority over a class, having authority over people, and having authority over claims. And there were no people except for two that the district court had authority over who had arbitration easements. There were two individuals from the class who in 2021 — They were named plaintiffs? They were not named plaintiffs, but they were absent class members who came forward at class certification. Their declarations are in the record. They're not acknowledged in the class certification order because the district court didn't need to, because the determination at that time was that Alliance had — we had presented — either Alliance had waived arbitration — Tell me why that matters, please. Sure. Tell me what the law should be and how we screwed it up. So, Your Honor, the reason it matters is that in a class, there are two separate issues. One is, do you have authority over the people? The second is, do you have authority over the claims? Rule 23 gives a district court, and if this court were to exercise appendant appellate jurisdiction, which we disagree it should because that issue has not been briefed and it wasn't put forward by Alliance here on this appeal — We did last time. You petitioned for rehearing? Yes, we did. You denied it? Yes, I was. You petitioned for cert? No, Your Honor, but at that time, there was no basis to — We had argued that the stay power under Section 3 of the FAA is broader than what Section 4 provides. We also argued that there is no basis to dismiss under the FAA. Spezzeri changes and clarifies the law. What this circuit had was a discretionary standard. Do you stay or do you dismiss? It doesn't matter if it's a class action or not. Do you stay or dismiss? Sometimes you dismiss, sometimes you stay. Spezzeri, which uniquely is what happened in that case, is that the plaintiffs agreed, we'll go forward with arbitration. I understand all that. Okay. But it doesn't get at the situation. And I agree. When you invoked Spezzeri, did the alliance say, wait a minute, they're not in the class, and the district court ignored that, or what? There has been no decertification. They were still in the class. You don't have to decertify the class to say that a class certified with 23 subclasses, that the court can't say one subclass, that's not in the class. You call that a decertification? Well, I don't know which of us has had more Rule 23 experience, but that sounds like something you have to litigate. The decertification, you mean? That you have to litigate the decertification? The interpretation that what we did was an improper decertification. Well, I don't think this Court ever reached the question. If the district court did what we told the court to do, that would be an improper decertification. Was that argued? Well, the district court's order, after the case returned to the district court, followed the sentence, as to the arbitration class members, the claims should be dismissed without prejudice. That's the part that the district court followed. If the district court was required to dismiss from the class those class members, then it should have exercised its power under Rule 23. But at the end of the day… If they're not in the class, that's the proper order, because as was argued, if you're not in the class, then you're not in the case. Yeah, but Sposari also says that you can't dismiss, whether it's a party or a claim. So you can stay if the request is to compel arbitration. Unless there are other reasons, right? Separate reason to dismiss unrelated to the fact that there is an issue of referral to arbitration. That's the standard. Like a circuit court order. Seriously. Okay. That's what we're talking about here. Well, the district court left open in its reconsideration order that there would be potentially a separate reason to dismiss. What Alliance chose to do was to appeal the reconsideration order under Section 16. So we're going to perhaps, my colleagues agree, we're going to tell the court this is a separate independent reason. Our order. And respectfully, Your Honor, I think under Sposari the order is wrong. So whether it's the claims or whether it's the… If we do this, then you'll have two opportunities to get it overturned again. And I hope that you don't, Your Honor, because I think what we can do is proceed in the district court and as to arbitration, we'll proceed with arbitration. This case needs to move forward. I agree. It should move forward absolutely without delay in arbitration. And if you won't get the unclassified, if any of the easement holders who are represented by you or allies in this case, if they aren't getting these claims to arbitration, they're going to be lost. Well, but that's the reason why a stay should issue, Your Honor, under Section 3. The reason why you have a stay… Not if they're not in the case. We don't need to stay then. You don't need to stay claims of people who aren't in the case. The only basis to dismiss that the court appears to be thinking about is that they have arbitration contracts. That is not a reason to dismiss… As long as they're not in the class. In which case, that's a Rule 23 issue, Your Honor. Right. Which the district court should have perceived. Well, I… The parties didn't. Well, and we didn't, Your Honor. And so, I don't think the reconsideration… Horse is out of the barn. Well, regardless, the reconsideration order is not one as Alliance characterizes it. It doesn't substantively deny a request under Section 4 or functionally do so. So, it didn't rewrite the order or hold that the arbitration subclass members get to come back into the case and litigate. That's not what the reconsideration order does. It simply issues a stay as to the persons and claims within the class that the court had found arbitrable. There's no dispute about that. But what a stay does do is preserve the ability for the parties to come back and say Alliance isn't complying with its own easements. It's not participating in the arbitration as required. You know how this case looks? Looks like a lot of lawyers are doing their best to keep their clients and their customers from getting claims that may or may not have merit resolved. And this court is sick of it. Well, Your Honor, it's not me who's asking this court to… I'm not saying this to anybody. I'm saying, but the lawyers are dominating this case on both sides. It seems to me, and maybe I just don't understand it, that whatever else the initial opinion out of this court did, it de facto created two classes of human beings in your group. That's right, Your Honor. One group of people who have arbitration agreements and one group that doesn't. Right? And so why, when it got on the ground, nobody said, all right, divide it into subclasses, and you're the plaintiff. You've got the laboring order to present claims. Why aren't the claims being pursued? And if they've got to go to arbitration, why aren't we playing there? I mean, it just seems to me that this thing's been hanging around since 2019, and it's still on the schneid. It hasn't moved one jot. And if you have plaintiffs who are harmed, they're going a long time without remedy. If you've got defendants who have no obligation, you know, they're incurring a ton of attorney's fees while all the lawyers just keep moving around in fine circles. I am not the person asking for appeals. I am not the person asking for a stay in the District Court of Proceedings that affect the non-arbitration. But why hasn't anybody just sat down and cleaned this class up? Why didn't somebody just sit down and say, okay, looks like the Court of Appeals thinks we've got two classes. Let's get two classes. Let's get moving forward. I mean, I look at this whole thing, and I think, you know, and the judge is put in this horrible position. You know, what's the Supreme Court telling me? What's it supposed to mean? You know, I've got a mandate that says I'm supposed to dismiss people out of the class with prejudice. The order's entered up. No judgment has ever entered on the order. Right? I mean, you know, and so now your clients are hanging out there in limbo land, don't know what they've got. If this thing falls apart on them, they're going to have statute of limitations questions. You're going to be sitting there trying to argue equitable polling, and nobody's gotten arbitration, and nobody's done anything. And good Lord, if somebody would have just said, okay, Supreme Court said X, create a subclass, stay it. We're taking these guys off to arbitration. You know, everybody would be where they're supposed to be, and instead we're sitting here with the thing. I just don't even know what we're supposed to do with it. And I think that there are a lot of decisions that the district court has to make, respecting pending motions, including the one where we ask the court to subclass. So there's a pending motion that's never been decided? That's correct, which alliance has asked this court to stay. Anyway, I believe that defendant's appeal should be dismissed for lack of appellate jurisdiction, but in the alternative we would just like to move forward with the claims in litigation and separately in arbitration. And a final note, we don't believe the district court abused its discretion in denying alliance's motion for a stay, which it has also brought pursuant to Rule 8 in this court. Thank you, Your Honor. Good morning. I just wanted to touch on a couple issues. Regarding the pending motion to create subclasses, we have asked to have that stayed pending this appeal, because the issue that we hope this appeal will decide is that it will confirm this court's prior decision that individuals subject to the arbitrationism cannot be members of the class, any class. They have to pursue their claims individually in arbitration if they wish to do so. And so if the court decides that, that will moot out the motion to create two subclasses. That's why we've asked that. With respect for timing, as detailed in the briefing, class notice was set to issue after this court issued its order and the district court dismissed the arbitration members from the class. Class notice was set to issue. The reason why it did not is because plaintiffs requested leave to file their motion for reconsideration, and then the district court vacated the order addressing class notice. So that is why class notice has not issued. We believe the correct standard of review is de novo, under triplet, because this is an arbitration matter. However, even if an abusive discretion standard applied, alliance would still prevail. It's not discretionary whether to enforce an arbitration agreement. There are valid arbitration agreements, and they should be enforced. And we would ask this court to affirm its prior ruling, spesere has no impact on it. On the jurisdiction question, in your view, does the collateral order doctrine have any impact or relevance here? How do you mean, Your Honor? I'm sorry. That's what I'm asking. I can see a lot of ways it might. That's a complex area, and I don't know how much it's been applied in arbitration appeal context. I guess I think you don't need to get there, right? Because we know there are arbitration agreements. I can just say I haven't thought of that.  Thank you.